**SO ORDERED.**

**SIGNED this 21 day of May, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

| | |
|---|---|
| EDGAR T. SMITH, JR., and | CASE NO. 11-08865-8-JRL |
| DEBORAH T. SMITH, | CHAPTER 11 |
| DEBTOR. | |

## ORDER

This matter came before the court on the Bankruptcy Administrator's motion for appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104. A hearing was held on May 17, 2012 in Raleigh, North Carolina.

### BACKGROUND

The debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 19, 2011. The Bankruptcy Administrator ("BA") filed a motion for appointment of a chapter 11 trustee on April 12, 2012 after she became aware of the criminal proceedings against the male debtor.

On March 24, 2011, the United States Attorney for the Eastern District of North Carolina filed a Criminal Information, pursuant to Rule 7 of the Federal Rules of Criminal Procedure, against the male debtor. The Criminal Information alleges that the male debtor conspired to

defraud a federal crop insurance program by making over $60,000 of false insurance claims for the 2007 crop year on tobacco crops that he previously sold using nominee names, including the names of persons who did not exist, to hide production. The male debtor waived his right to prosecution by indictment and consented to prosecution by information on June 6, 2011. On February 22, 2012, he pleaded guilty to one count of conspiracy to make false statements, to make materially false statements and to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371. He was sentenced to five years of probation, excluded from participation in federal crop insurance programs for two years starting in the 2013 crop year, and ordered to make restitution to the United States Department of Agriculture ("USDA") in the amount of $66,142.

## DISCUSSION

Section 1104(a) of the Bankruptcy Code provides that the court shall order the appointment of a chapter 11 trustee only in two instances:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interest of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a). As this court recently reiterated, "[t]he appointment of a trustee in a chapter 11 case is an extraordinary remedy, and there is a strong presumption in favor of allowing the debtor to remain in possession." In re Tanglewood Farms, Inc. of Elizabeth City, No. 10-06719-8-JRL, 2011 Bankr. LEXIS 624, at *4–5 (Bankr. E.D.N.C. Feb. 10, 2011) (citing

In re Heck's Props., 151 B.R. 739, 756 (S.D. W. Va. 1992)). The movant has the burden of proving gross mismanagement, fraud, or other cause by clear and convincing evidence. Id. at *5 (citing Comm. of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 242 (4th Cir. 1987)).

The court has discretionary authority when determining whether the conduct of the debtor or its manager rises to the level of "cause." A.H. Robins Co., 828 F.2d at 242. "The clearest examples [where appointment of a trustee is warranted] are those in which the debtor or its managers have engaged in serious fraud or dishonesty, or have grossly mismanaged the business." 7 Collier on Bankruptcy ¶ 1104.2[1], (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. Rev. 2007). However, if the court in its discretion determines that cause exists, the statute mandates that a trustee be appointed. See 11 U.S.C. § 1104(a) (stating that where cause is found, "the court *shall* order the appointment of a trustee.") (emphasis added).

In support of her motion for appointment of a trustee, the BA argued that the pre-petition fraudulent conduct to which the male debtor pleaded guilty constitutes cause under § 1104(a)(1) of the Bankruptcy Code. Because the guilty plea occurred during the bankruptcy case, the BA believed that she had no discretion but to file the motion.

To support his argument against appointment of a trustee, the male debtor stated that he did not contest and pleaded guilty to the information, fully cooperated with federal authorities when confronted with the charge, and did not oppose the USDA's motion to offset Supplemental Revenue Assistance Program Payments to which the male debtor is entitled against the restitution owed to the agency. The male debtor also focused on the failure of the United States, the primary creditor hurt by the fraudulent conduct, to join in the motion as evidence that it is

satisfied with restitution and proposed payments under the plan. Furthermore, the male debtor has made significant repayment to other creditors and expressed his openness to any additional controls that the court wished to impose.

Cape Fear Farm Credit, ACA ("Cape Fear"), a provider of post-petition financing to the debtors, appeared in opposition to the motion. Cape Fear believes that appointment of a trustee would hinder the debtors' ability to repay its obligations.

There must be some temporal connection between past fraudulent conduct and the current management of the debtor. At some point, the debtor should be entitled to an inference that the effects of past fraud have sufficiently dissipated so that he is not barred from being a debtor in possession. Here, the single episode of fraudulent conduct was four years ago, too long to prevent such an inference without more.

The probationary sentence given to the male debtor suggests that he fully cooperated with authorities and that there is no evidence of continuing fraud. The absence of the United States in support of the motion and Cape Fear's continued willingness to work with the debtors further weigh against appointment of a trustee. The male debtor is under the tight supervision of the probation office and must file monthly reports in this case, making it unlikely that future fraudulent conduct will occur.

Based on the foregoing findings of fact, the motion for appointment of a trustee is denied. The male debtor will be removed from the debtor-in-possession bank account as the sole condition of not appointing a trustee. The female debtor will handle all financial transactions in the case.

**END OF DOCUMENT**